UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD SIMONS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NEVADA BOARD OF PAROLE ) <br> COMMISSIONERS et al., ) <br> ) <br> Defendants. ) | 3:14-cv-00652-RCJ-WGC <br><br> **ORDER** |

This is a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983.  The Court now screens the Complaint under 28 U.S.C. § 1915A and dismisses it, without leave to amend.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff Richard Simons is a prisoner in the custody of the Nevada Department of Corrections.  He sued three members of the Nevada Board of Parole Commissioners (the "Board") and the Board itself in state court for violations of his Fifth, Sixth, and Fourteenth Amendment rights based on Defendants' revocation of his parole.  Defendants removed.

## II. LEGAL STANDARDS

District courts must screen cases in which a prisoner seeks redress from a governmental entity or its officers or employees. 28 U.S.C. § 1915A(a).  A court must identify any cognizable claims and must dismiss claims that are frivolous, malicious, insufficiently pled, or directed against immune defendants. *See id.* § 1915A(b)(1)–(2).  Pleading standards are governed by Rule

12(b)(6).  *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).  When a court dismisses a complaint upon screening, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III.   ANALYSIS

First, parole board members "are entitled to absolute quasi-judicial immunity for decisions to grant, deny, or revoke parole because these tasks are functionally comparable to tasks performed by judges."  *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004) (internal quotation marks omitted).  Second, § 1983 claims based on parole determinations are categorically barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) unless and until the determination is overturned via writ of habeas corpus.  *Butterfield v. Bail*, 120 F.3d 1023, 1024–25 (9th Cir. 1997) (citing *Elliott v. United States*, 572 F.2d 238, 239 (9th Cir. 1978)).

### CONCLUSION

IT IS HEREBY ORDERED that the Complaint is DISMISSED, without leave to amend.

IT IS FURTHER ORDERED that the Motion to Stay (ECF No. 2) is DENIED as moot.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 30th day of April, 2015.

_____
ROBERT C. JONES
United States District Judge